Brown v. Sessions

BIA
Hom, IJ
A037 335 000

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 20th day of April, two thousand eighteen.

PRESENT:
  ROBERT D. SACK,
  DEBRA ANN LIVINGSTON,
  CHRISTOPHER F. DRONEY,
   *Circuit Judges.*

_____

HYACINTH ELIZABETH BROWN,
  *Petitioner,*

  v.          16-612
              NAC

JEFFERSON B. SESSIONS, III,
UNITED STATES ATTORNEY GENERAL,
  *Respondent.*

_____

FOR PETITIONER:  Melissa M. Desvarieux, Dobroshi & Desvarieux, New York, NY.

FOR RESPONDENT:  Chad A. Readler, Acting Assistant Attorney General; Melissa Neiman-Kelting, Assistant Director; Anthony J. Messuri, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Hyacinth Elizabeth Brown, a native and citizen of Jamaica, seeks review of a February 8, 2016, decision of the BIA affirming an April 14, 2014, decision of an Immigration Judge ("IJ") denying Brown's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Hyacinth Elizabeth Brown,* No. A037 335 000 (B.I.A. Feb. 8, 2016), *aff'g* No. A037 335 000 (Immig. Ct. N.Y. City April 14, 2014). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the IJ's decision as modified by the BIA, i.e., excluding the pretermission of the asylum application as untimely, which the BIA did not reach. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

Our jurisdiction to review a final order of removal

2

against an alien, such as Brown, who is removable for a controlled substance offense or a crime involving moral turpitude, is limited to constitutional claims and questions of law. 8 U.S.C. §§ 1252(a)(2)(C), (D), 1182(a)(2)(A)(i)(I), (II). Contrary to the Government's position, however, our jurisdiction is not limited by Brown's failure to exhaust the questions of law that she now raises in this Court. The Government conflates jurisdictional category-of-relief exhaustion with non-jurisdictional issue exhaustion. *Compare Karaj v. Gonzales*, 462 F.3d 113, 119 (2d Cir. 2006) (providing that exhaustion is jurisdictional with respect to requirement that each category of relief be raised before the BIA), *with Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 122 (2d Cir. 2007) (providing that judicially imposed issue exhaustion is mandatory but not jurisdictional). Nevertheless, issue exhaustion—although not jurisdictional—is mandatory. *Lin Zhong*, 480 F.3d at 122. We therefore decline to reach Brown's arguments that the agency ignored evidence and misapplied the governing corroboration standards because she failed to exhaust them before the BIA. *Id.* In doing so, we also note that Brown has waived any challenge to the agency's nexus determination—which is

dispositive of asylum and withholding of removal—by failing to identify any protected ground as the basis for the harm she fears or challenge the agency's nexus determination in this Court.  8 U.S.C. § 1101(a)(42); 8 C.F.R. § 1208.16(b); *Norton v. Sam's Club*, 145 F.3d 114, 117 (2d Cir. 1998). Nor do we see any error in the agency's denial of CAT relief given the lack of objective evidence to show a likelihood of torture.  *Matter of M-B-A-*, 23 I. & N. Dec. 474, 479-80 (B.I.A. 2002) (A claim "based on a chain of assumptions and a fear of what might happen" is insufficient to demonstrate eligibility for relief under the CAT.); *cf. Jian Xing Huang v. U.S. INS*, 421 F.3d 125, 129 (2d Cir. 2005) ("In the absence of solid support in the record," a fear of persecution is not well founded and "is speculative at best.").

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.  Any pending request for oral argument

4

in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk